Czar Cycle Company v. John W. Holmes, trading as J. W. Holmes and Bicycle Exchange, Appellant.

*Affidavit of defense—Sufficiency.*

An affidavit of defense is sufficient which sets forth with reasonable precision (1) a release; (2) a return of a portion of goods; (3) partial payment; (4) acceptance of a promissory note which had not been returned, and of which defendant had no knowledge whether or not the same had been negotiated.

Argued April 13, 1897. Appeal, No. 68, April T., 1897, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1896, No. 396, for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Assumpsit for $823.06 balance due on book account.

The facts sufficiently appear in the opinion of the court.

The court below entered judgment for $823.06 for want of a sufficient affidavit of defense.   Defendant appealed.

*Error assigned* was in making absolute the rule for judgment for want of a sufficient affidavit of defense.

*J. Chas. Dicken*, with him *John C. Thompson*, for appellant.

*Galen C. Hartman*, for appellee.

OPINION BY WICKHAM, J., April 19, 1897:

The affidavits of defense in this case, set forth with reasonable precision, four matters of fact.   First, that after the purchase of the merchandise, for the price whereof suit has been brought, the plaintiff agreed to look for payment to J. W. Holmes Company, Limited, a concern organized under the Act of June 2, 1874, P. L. 271 and its supplements, after the goods were bought, and doing business at the defendant's former stand, and that thereupon the plaintiff released the defendant from further liability.   Second, that certain of the articles purchased, amounting in value to $302.50, were returned to the plaintiff, and it agreed to allow a credit for that sum, but failed so to do.   Third, that no credit was given for a payment of $150, made May 9, 1896, and accepted by the plaintiff, on the account in suit.   Fourth, that on the day last mentioned, J. W. Holmes Company, Limited, gave and the plaintiff accepted, on the same account, a negotiable promissory note for $310, which note had not been returned, and the defendant had no knowledge whether or not the same had been negotiated.

In this multitude of defenses the defendant found no safety. An unqualified judgment was entered against him for the whole amount claimed.   We think that the affidavits contained enough to entitle him to be heard before a jury.

Judgment reversed and a procedendo awarded.